| | |
|---|---|
| 1 | Thomas J. Polis, Esq. - SBN 119326 |
| 2 | **POLIS & ASSOCIATES**<br>**A PROFESSIONAL LAW CORPORATION** |
| 3 | 19800 MacArthur Boulevard, Suite 1000<br>Irvine, California 92612-2433 |
| 4 | Telephone: (949) 862-0040<br>Facsimile: (949) 862-0041 |
| 5 | E-Mail: tom@polis-law.com |
| 6 | Special Litigation Counsel for Debtors,<br>Santa Cruz Berry Farming Company, LLC and Corralitos Farms, LLC |

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>Santa Cruz Berry Farming Company, LLC,<br><br>Debtor.<br><br>Affects:<br><br>☐ All Debtors<br>☒ Corralitos Farms, LLC | Case No. 5:15-bk-51771<br><br>Jointly Administered with: 5:15-bk-51772, In re Corralitos Farms, LLC<br><br>Chapter 11<br><br>**DEBTOR-IN-POSSESSION CORRALITOS FARMS' MOTION FOR ORDER AUTHORIZING AND APPROVING SALE OF DEBTOR'S MEMBERSHIP INTEREST IN KANAKA PEAKS RESEARCH, LLC TO THE QUALIFIED PARTY PRESENTING THE HIGHEST AND/OR OTHERWISE HIGHEST QUALIFIED BID FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS**<br><br>**Filed and Served Concurrently Herewith:**<br><br>1. Declaration of Robert Fritz Koontz;<br>2. Notice of Hearing; and<br>3. Certificate of Service.<br><br>**Sale Hearing:**<br>Date: November 17, 2016<br>Time: 10:30 a.m.<br>Judge/ Hon. M. Elaine Hammond<br>Place: U.S. Courthouse<br>280 South First Street<br>Courtroom 3020<br>San Jose, CA 95113 |

**TO THE HONORABLE M. ELAINE HAMMOND, UNITED STATES BANKRUPTCY JUDGE; THE SAN JOSE DIVISION OF THE OFFICE OF THE UNITED STATES TRUSTEE; THE STALKING HORSE BIDDER AND OTHER QUALIFIED BIDDERS; KANAKA PEAK RESEARCH, LLC; AND PARTIES REQUESTING SPECIAL NOTICE:**

Corralitos Farms, LLC. ("Debtor" or "Corralitos"), respectfully requests an *Order of the Bankruptcy Court: Authorizing and Approving the Sale of Debtor's Membership Interest Re: Interest in Kanaka Peaks Research, LLC ("KPR") to the Highest Qualified Bidder or Other Qualified Bidder, or Party Presenting the Highest and/or Otherwise Best Bid Free and Clear of Liens, Encumbrances* ("*Sale Motion*").

## I.

## **INTRODUCTORY STATEMENT**

As detailed herein, the Debtor is requesting that the Court approve the sale of its membership interest in KPR to the highest qualified bidder, pursuant to the Stalking Horse Bidder's offer, as explained herein, or to a qualified overbidder. The Debtor believes a qualified overbid that otherwise complies with Sections 363(f) and 365 of the Bankruptcy Code is the most efficient and expeditious resolution of the Debtor's insolvency situation. Though there is a dispute as to the actual percentage of the Debtor's membership interest in KPR, the minium membership interest in KPR held by Debtor is 25%. The Debtor believes that the proposed sale to the highest qualified overbidder, as outlined herein and consistent with Sections 363 and 365 of the Bankruptcy Code, is the best result for all parties. Further, the Stalking Horse Bidder, Beth Crandall shall be entitled to assert her Right of First Refusal to match any valid overbidder.

///
///
///
///
///
///

## II.

**PROCEDURAL BACKGROUND**

On May 25, 2015, the Debtor commenced its Voluntary Chapter 11 Bankruptcy case before the Court. On or about July 22, 2015, the Debtor, through its principal, Robert Fritz Koontz, appeared to be examined under Section 341(a) of the Bankruptcy Code. The Office of the United States Trustee conducted and concluded the Debtor's Section 341(a) hearing. At all times since the Debtor filed its bankruptcy case, it has functioned and operated as a debtor-in-possession pursuant to Section 1107 of the Bankruptcy Code.

III.

**FACTUAL SUMMARY IN SUPPORT OF**

**DEBTOR'S SALE MOTION**

As noted in the recently filed and served *Notice of Sale of the Debtor's Membership Interest in Kanaka Peaks Research, LLC* ("*Sale Notice*"), the Stalking Horse Bidder, Beth Crandall, submitted her formal offer of $40,000, and proof of ability to close the transaction with payment in full.

The summary of the terms of the Stalking Horse Bidder's offer is the following:

(i) The Stalking Horse Bidder (or Assignee) shall acquire the Debtor's membership interest in KPR;

(ii) Total purchase price shall be $40,000 (Forty Thousand Dollars) or if increased by a bona fide overbid in an amount no less than required in the Bid Procedures;

(iii) The Stalking Horse Bidder has paid an initial deposit of $4,000 (Four Thousand Dollars);

(iv) The Stalking Horse Bidder shall assume no liabilities or obligations of the Debtor;

(v) The Stalking Horse Bidder shall acquire the Debtor's membership interest in KPR free and clear of any and all debts, liens, claims, causes of action, and security interests, whether known or unknown, if at all, on or before close of business November 17, 2016;

(vi)　The closing for the sale of the Debtor's membership interest in KPR by the highest Qualified Bidder shall occur on or before December 1, 2016;

(vii)　The minimum incremental overbids shall begin at least $5,000 (Five Thousand Dollars) higher than the Opening Bid (the initial next highest Opening Bid shall be no less than $45,000), and shall be in minimum increments of $5,000 (Five Thousand Dollars); and

(viii)　The Stalking Horse Bidder, Beth Crandall, in her capacity as the existing co-member in KPR, is expressly preserving her Right of First Refusal to match any higher bona fide overbids re: Debtor's sale of its interest in KPR.

**DATED: October 20, 2016**　　　　　**POLIS & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**

By: **/s/ Thomas J. Polis**
**Thomas J. Polis, Esq.**
**Special Litigation Counsel for Debtors, Santa Cruz Berry Farming Company, LLC and Corralitos Farms, LLC**

# IV.

# MEMORANDUM OF POINTS AND AUTHORITIES

# IN SUPPORT OF THE DEBTOR'S SALE MOTION RE: MEMBERSHIP INTEREST RE: KPR

**A.    THE PROPOSED SALE SHOULD BE APPROVED**

11 U.S.C. § 363(b) empowers a debtor to "sell ... other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b), in considering a proposed sale, courts look at whether the sale is in the best interests of the estate based on the facts and history of the case. *In re America West Airlines*, 166 B.R. 908, 912 (Bankr. D. Az. 1994) (citing *In re Lionel Corp.*, 722 F. 2d. 1063, 1071 (2d. Cir. 1983)). This requires examination of the "business justification" for the proposed sale. *In re 240 North Brand Partners, Ltd.*, 200 B.R. 653 (B.A.P. 9th Cir. 1996); *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830 (Bankr. C.D. Cal. 1991); *In re Ernst Home Center, Inc.*, 209 B.R. 974 (Bankr. W.D. Wash. 1997).

"In approving any sale outside the ordinary course of business, the court must not only articulate a sufficient business reason for the sale, it must further find it is in the best interest of the estate, *i.e.,* it is fair and reasonable; that it has been given adequate marketing; that it has been negotiated and proposed in good faith; that the purchaser is proceeding in good faith; and that it is an "arms-length transaction." *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991); *In re 240 North Brand Partners, Ltd.*, 200 B.R. 653 (B.A.P. 9th Cir. 1996). A bankruptcy court's power to authorize a sale under § 363(b) is reviewed for abuse of discretion. *In re Walter*, 83 B.R. 14, 19 (B.A.P. 9th Cir. 1988).

A sale of the Debtor's Membership Interest in KPR without a plan of reorganization is also permissible. *See*, *In re Lionel Corp.*, 722 F. 2d. 1063, 1071 (2d. Cir. 1983); *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal 1991); *In re Walter*, 83 B.R. 14 (9th Cir. B.A.P. 1988). "Numerous courts have held that a chapter 11 debtor may sell substantially all of its assets under 11 U.S.C. § 363(b) in the absence of a plan, so long as sound business purposes justify the sale." *In re Idaho Photocopy & Supply, Inc.*, 1994 W.L. 553065 (Bankr. D. Idaho 1994).

In this case, the proposed sale to the Stalking Horse Bidder or a qualified overbidder has a legitimate and sound business justification and is in the best interest of the bankruptcy estate.

**1.  The Sale is for Fair Market Value and the Result of an "Arms-Length" Transaction.** The proposed purchase price of $40,000 represents the fair market value of the sale of the Debtor's membership interest in KPR. The Ninth Circuit has held that the "fair market value" of an asset is that which a party is willing to pay for such asset in the context of a commercially reasonable transaction. *See, e.g.*, *Romey v. Sun National Bank* (*In re Two "S" Corporation*), 875 F. 2d. 240, 243 (9th Cir. 1989) (holding that, for purposes of valuing secured claims under § 506(a), the best evidence of fair market value of property secured by a lien is the price of such property reached in a commercially reasonable sale). The ability of other potentially interested parties to provide competing offers for the assets further ensures fair price in that the proposed sale does not result in a lucrative "windfall" to the buyer at the expense of creditors of the estate. *See*, *In re Onouli-Kona Land Co.*, 846 F. 2d. 1170 (9th Cir. 1988). Though it will eventually be determined during the November 17, 2016 *Sale Hearing*, the Debtor's representatives believe the Stalking Horse Bidder's offer, or a qualified overbid that also complies with Section 363(f) of the Bankruptcy Code, is the best price for the Debtor's membership interest in KPR.

Here, sufficient evidence exists to support a finding that the proposed sale was conducted in a commercially reasonable manner, and such a commercially reasonable sale represents the fair market value of the Debtor's membership interest in KPR. As stated in the Declaration of Robert Fritz Koontz, the proposed sale to the Stalking Horse Bidder is by far the best price for the Debtor's membership interest in KPR.

The Debtor negotiated the $40,000 offer, and given the Debtor's Schedules listing the value of the asset, the Debtor believes the offer represents the fair market value of the Debtor's membership interest. Further, the Notice of Sale was served on all creditors with an opportunity to object or overbid.

///

///

**B.　THE DEBTOR'S MEMBERSHIP INTEREST IN KPR SHALL BE SOLD FREE AND CLEAR OF LIENS, INTERESTS, AND CLAIMS**

The Court should approve the sale of the Debtor's membership interest in KPR free and clear of any liens, claims, and interests, to the extent they exist and are not expressly assumed by the Stalking Horse Bidder, pursuant to 11 U.S.C. § 363(f), with any liens and encumbrances to attach to the proceeds of the sale, with all parties reserving their rights with respect to such liens and encumbrances, including the Debtor's right to dispute, subordinate, avoid, or object to the amount, validity, scope and priority of such liens.

11 U.S.C. § 363(f) describes the circumstances under which a debtor may sell property of the estate free and clear of any interest of third parties in such property as follows:

> The trustee [debtor] may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
>
> 1. applicable nonbankruptcy law permit sale of such property free and clear of such interest;
>
> 2. such entity consents;
>
> 3. such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> 4. such interest is in bona fide dispute; or
>
> 5. such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Because subsections (1) through (5) of § 363(f) are written in the disjunctive, authority to sell the Debtor's membership interest in KPR free and clear of any and all interests should be granted if any of the conditions are met with respect to each interest holder.

Courts uniformly hold that for a "bonafide" dispute under Section 363(f)(4) that the Court must find whether there is an objective basis for either a factual or legal dispute as to the validity of the secured claim. Courts further hold that the court need not resolve the underlying dispute, but rather confirm the existence of the dispute. *See, In re Collins*, 180 B.R. 447 (Bankr. E.D.Va. 1995) and *In re Octagon Roofing*, 123 B.R. 583 (Bankr. ND. Ill. 1991).

///

### C. GOOD FAITH BUYER

The Stalking Horse Bidder, or a qualified overbidder, should be deemed a "good faith purchaser" pursuant to 11 U.S.C. § 363(m), which provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

The requirement that a purchaser act in good faith speaks to the integrity of his conduct in the course of the sale proceedings. In order for conduct to rise to the level of bad faith sufficient to implicate Section 363(m) of the Bankruptcy Code, the improper conduct must involve the "...integrity of [the purchaser's] conduct in the course of the sale proceedings. *In re Rock*, 572 F2d 1198. The type of misconduct that would destroy a purchaser's good faith status in regards to a court monitored sale must involve fraud, collusion between the purchaser and other bidders, or an attempt to take grossly unfair advantage of other bidders. *See*, *In re Eweill*, 958 F2d 276 (9th Cir. 1992).

The sale was negotiated with the Stalking Horse Bidder at "arms-length". Moreover, with the opportunity to overbid by other interested parties, the bidding will be conducted in a commercially reasonable manner. Therefore, pursuant to § 363(m), the Stalking Horse Bidder is a "good faith purchaser". Despite such inquires and negotiations, no acceptable offer was submitted, much less an offer as economically attractive as the Stalking Horse Bidder's offer.

## V.

## CONCLUSION

Based on the foregoing, the Debtor respectfully requests that this Court enter an order:

1. Granting the Debtor's *Sale Motion*;

2. Finding that notice of the *Sale Motion* is proper and adequate;

3. Finding that all applicable requirements of 11 U.S.C. § 363 are satisfied;

4. Finding that the Stalking Horse Bidder, or a successful qualified overbidder, upon

completion of the sale auction, is a good faith purchaser pursuant to 11 U.S.C. § 363(m);

5. Finding that the sale of the Debtor's membership interest in KPR was negotiated in good faith and at arms length and are in the best interest of the Debtor's Bankruptcy Estate and proper exercise of the Debtor's business judgment;

6. Authorizing the Debtor to sell and approving the sale of the Debtor's membership interest in KPR to the Stalking Horse Bidder or successful qualified overbidder;

7. Authorizing Stalking Horse Bidder, Beth Crandall to assert her Right of First Refusal as detailed herein and the Notice of Sale and Bid Procedures filed concurrently herewith.

8. Authorizing the Debtor and its representatives to execute any documents required in connection therewith and to take any other actions necessary to effectuate the sale pursuant to the Term Sheet and fully executed Asset Purchase Agreement;

9. Waiving the requirements of a stay pursuant to Federal Rules of Bankruptcy Procedure 6004(g); and

10. For such other relief as the Court may deem just and necessary.

**DATED: October 20, 2016**  　　　　　　**POLIS & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**

　　　　　　　　　　　　　　　　　　**By:　/s/ Thomas J. Polis**
**Thomas J. Polis, Esq.**
**Special Litigation Counsel for Debtors, Santa Cruz Berry Farming Company, LLC and Corralitos Farms, LLC**