Thomas J. Polis, Esq. (SBN 119326)
POLIS & ASSOCIATES, APLC
19800 MacArthur Blvd., Suite 1000
Irvine, CA 92612-2433
Telephone: (949) 862-0040
Facsimile: (949) 862-0041
Email: tom@polis-law.com

Special Litigation Counsel for Debtor/Debtor-In-Possession,
Santa Cruz Berry Farming Company, LLC and Corralitos Farms, LLC

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>SANTA CRUZ BERRY FARMING COMPANY, LLC, a California limited liability company<br><br>　　　　Debtor/Debtor-In-Possession.<br><br>___ Also affects:<br><br>_X_ Only affects:<br><br>CORRALITOS FARMS, LLC<br>　　　　Debtor. | ) CASE NO.: 15-51771<br>)<br>) Jointly Administered with: 5:15-bk-51772, In re<br>) Corralitos Farms, LLC<br>)<br>) Chapter 11<br>)<br>) **SECOND AND FINAL APPLICATION FOR**<br>) **FEES AND REIMBURSEMENT OF**<br>) **EXPENSES BY THOMAS J. POLIS, ESQ.,**<br>) **POLIS & ASSOCIATES, APLC, SPECIAL**<br>) **LITIGATION COUNSEL FOR**<br>) **DEBTOR/DEBTOR-IN-POSSESSION**<br>) **CORRALITOS FARMS, LLC;**<br>) **DECLARATION OF THOMAS J. POLIS,**<br>) **ESQ. AND ROBERT F. KOONTZ IN**<br>) **SUPPORT THEREOF**<br>)<br>) <u>Hearing:</u><br>) Date: November 17, 2016<br>) Time: 10:30 a.m.<br>) Judge: Hon. M. Elaine Hammond<br>) Place: U.S. Courthouse<br>)　　　　280 South First Street<br>)　　　　Courtroom 3020<br>)　　　　San Jose, CA 95113 |

///

///

///

- 1 -
SECOND AND FINAL APPLICATION FOR FEES AND REIMBURSEMENT

Case: 15-51772    Doc# 307    Filed: 10/20/16    Entered: 10/20/16 14:56:21    Page 1 of 14
CorrFinalFeeApp 102016.doc

# SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR POLIS & ASSOCIATES, APLC, AS SPECIAL LITIGATION COUNSEL TO THE DEBTOR/DEBTOR-IN-POSSESSION, CORRALITOS FARMS, LLC:

Polis & Associates, APLC ("P&A", "counsel" or "Applicant") special litigation counsel for Debtor/Debtor-In-Possession, Corralitos Farms, LLC (the "Debtor"), hereby submits this *Second and Final Fee Application* (the "*Fee Application*") seeking entry of an order (a) approving P&A's allowance of compensation for **$34,278.00**, in fees for professional services rendered and **$564.60** in expenses incurred from April 6, 2016, through November 17, 2016 (the "Application Period"), totaling **$34,842.60** (the "Requested Compensation").

This *Fee Application* is submitted pursuant to Bankruptcy Code Sections 330 and 331, Federal Rule of Bankruptcy Procedure 2016, and Bankruptcy Local Rule 9029-1, the Guidelines for Compensation and Expense Reimbursements of Professionals and Trustees of the United States Bankruptcy Court for the Northern District of California ("Northern District Guidelines"), and the *Order Employing Polis & Associates, APLC* as special litigation counsel [Docket No. 36] entered on June 17, 2015, effect as of May 25, 2015.

## A. NOTICE OF APPLICATION

This *Fee Application* has been transmitted to the Debtor's principal for review and comment. Notice of this *Fee Application* is being served by mail on all creditors who have filed claims in this case and other parties in interest, concurrently with its filing. Full copies of the *Fee Application* (including its exhibits) are being served via ECF and/or via US first class mail on the United States Trustee and all parties who have requested special notice in this case and otherwise appeared in this matter. Applicant respectfully submits that the notice given satisfies all applicable rules.

## B. BACKGROUND AND BASIS FOR RELIEF REQUESTED

1. This case was commenced on May 25, 2015 (the "Petition Date").

2. The date of entry of Order Approving the Firm's Employment was June 17, 2015, with an effective date of retention of May 25, 2015.

3. Total Fees Allowed or Paid to the Firm to Date (including Retainers):

Case: 15-51772    Doc# 307    Filed: 10/20/16    Entered: 10/20/16 14:58:21    Page 2 of 14

a. Retainers Received: The Firm was not paid a retainer; and

   b. On April 27, 2016, this Court ordered Polis & Associates to be paid on an interim basis $65,472.50 in fees and $856.00 in expenses (ECF No. 247).

4. Applicant's *Fee Application* covers the period of April 6, 2016, through November 17, 2016.

C. **CASE STATUS**

At the commencement of the case, Corralitos Farms, LLC was non-operational, but held valuable farm and equipment leases actively used by its affiliate, Santa Cruz Berry Farming, LLC, to conduct all farming operations formerly conducted by Debtor. During the pendency of the case, Debtor did not have any farming operations. However, Debtor received sub-lease income, distributions from K&M Enterprises, LLC and the sale proceeds of its 4% membership interest in K&M. Debtor has resolved a turnover action against Lakeside Organic Gardens, LLC to recover the balance due on one sub-lease, and intends to sell its membership interest in Kanaka Peaks Research and unencumbered equipment to generate additional cash for the estate. Like Santa Cruz, Debtor has submitted a structured dismissal plan that pays administrative claimants in full and a dividend to unsecured creditors.

The amount of money on hand in the estate and the anticipated recovery for the estate resulting from a turnover action and the sale of property is set forth below:

| Claimant | Claim Amount | Claim Payment |
|---|---|---|
| Vogele & Associates (est) | $55,000.00 | $46,530.00 |
| Polis & Associates (est) | 34,278.00 | 28,999.00 |
| Janey Leonardich/Malatesta | 42,000.00 | 35,532.00 |
| Douglas Brouwer | 11,579.63 | 9,795.84 |
| Packard/Burnett/Stephens | 27,027.44 | 22,864.00 |
| Gurnee Switzer | 30,670.50 | 25,946.00 |
| Franchise Tax Board | 845.71 | 714.00 |
| Total Admin. Claims | $201,401.28 | $170,380.84 |

Additionally, Debtor Corralitos is liquidating the following additional assets (amounts are as of 10/19/2016:

```
Cash in Bank                    -   $131,679.96;
Sale of Kanaka Peaks interest   -     40,000.00 (may be as high as $50 -$100,000)
Total estimated available cash  -    171,670.96
Less: UST Fees                  -      1,300.00
Net Available Cash              -    170,379.96
```

### D. SUMMARY OF FEES AND COST REIMBURSEMENT

From April 6, 2016, through November 17, 2016, Polis & Associates rendered the services described in this Fee Application and the billing statements attached hereto as Exhibit B. Polis & Associates also incurred the actual and necessary expenses itemized in the billing statement. Polis & Associates professionals expended a total of 78.80 hours rendering services to the Debtor during the Application Period, for which it requests allowance $34,278.00 (of total fees requested) in compensation. Polis & Associates also requests $564.60 (100% of the total expenses requested) in expense reimbursement.

### E. REQUIRED DISCLOSURE

Polis & Associates has received no payment and no promises for payment from any source for services rendered or yet to be rendered in any capacity whatsoever in connection with the matters covered by this application other than described herein. Further, there is no agreement or understanding between Polis & Associates and any other person for the sharing of compensation to be received for services rendered in this Chapter 11 Case.

This is Polis & Associates' second interim and final fee application. On or about April 27, 2016, this Court ruled on Polis & Associates first interim application and allowed fees in the amount of $65,472.50 and expenses of $856.00 (ECF No. 247). Polis & Associates was paid the fees pursuant to the Court's order.

The hourly rates charged by Polis & Associates are the customary rates charged by comparably skilled practitioners in cases. Polis & Associates' rates in this case are not greater than those charged to other similar clients. The names and hourly rates of the professionals of Polis & Associates, who billed time for the period covered by this *Fee Application* are as follows:

///

///

| Timekeeper | Hourly Rate | Hours | Total Fees |
|---|---|---|---|
| Thomas A. Polis – Principal | $435.00 | 78.80 | $34,278.00 |
| TOTAL | | | $34,278.00 |

As indicated under Northern District Guidelines, Polis & Associates has presented its work according to project categories. The following chart summarizes the project billing categories. Following that is a narrative summary of the activities conducted in each project category:

| TASK CODE CATEGORY | TOTAL HOURS BILLED | TOTAL FEES BILLED |
|---|---|---|
| Asset Disposition | 20.30 | $ 8,830.50 |
| Asset Analysis and Recovery | .40 | $ 174.00 |
| Case Administration | 11.50 | $ 5,002.50 |
| Case Administration/Objections | 33.80 | $14,703.00 |
| Fee Application | 11.80 | $ 5,133.00 |
| Litigation – Automatic Stay | 1.00 | $ 435.00 |

F. **SUMMARY OF SERVICES BY CATEGORY**

The following summary briefly describes rendered by Polis & Associates to the Debtor during the Fee Period, by matter and project category. The summary includes the hours and fees attributable to that project category. Detailed descriptions of the day-to-day services provided by Polis & Associates and the time expended performing such services in each project billing category are fully set forth in the billing statements attached hereto as Exhibit B. Those detailed descriptions include indications of the professionals who rendered the services related to each of the task codes set forth.

///

///

1. Case Administration: Fees $5,002.50; Total Hours: 11.50.

This category includes coordination and compliance matter, including preparation of statement of financial affairs and schedules, time spent addressing general case administration issues, updating case materials with monthly operating reports, preparing documents in support of fee applications, and responding to information inquiries.

2. Asset Analysis and Recovery: Fees $174.00; Total Hours: .40.

This category includes review and analysis of Debtor's equipment and analysis of the valuation of Corralitos' K&M and Kanaka Peaks membership interests. Time was also spent negotiating with K&M's counsel and negotiating the Lakeside and Nationwide Settlement agreements.

3. Asset Disposition: Fees $8,830.50; Total Hours: 20.30.

This category includes work related to asset disposition, including the review of asset information in preparation of motion to sell equipment, communication regarding sale of equipment and Kanaka Peaks membership interest, participation in Court hearing regarding sale motion hearing on equipment and meetings with prospective bidders.

4. Fee/Employment Application: Fees $5,133.00; Total Hours: 11.80.

This category includes the preparation and review of reply to fee application.

5. Litigation – Automatic Stay: Fees $435.00; Total Hours: 1.00.

This category includes work related to preparation of and responses to stay relief on Debtor's assets.

6. Claims Administration/Objections: Fees: $14,703.00; Total Hours: 33.80.

This category includes the preparation and review of administrative claims and objections.

G. **VALUATION OF SERVICES**

Polis & Associates' professionals have expended a total of 78.80 hours rendering professional services to or on behalf of the Debtor in connection with this Chapter 11 case during the Fee Period, as detailed in the Summary of Professionals chart set forth above. The nature of the work performed by these individuals is fully set forth in the billing statements attached as Exhibit B hereto. The hourly rated charged are Polis & Associates' normal hourly rate for work

of this type in Chapter 11 cases. Therefore, the reasonable value of the professional services rendered by Polis & Associates to or on behalf of the Debtor-in Possession during the Fee Period is $34,278.00.

In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, it is respectfully submitted that the Requested Compensation is fair and reasonable given (a) the complexity of this Chapter 11 Case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services in a case other than under this title.

## CONCLUSION

Wherefore, Polis & Associates respectfully requests that the Court enter an order (a) approving the allowance of compensation in the amount of $34,278.00 in fees incurred for necessary professional services rendered and $564.60 as reimbursement of actual, reasonable and necessary costs and expenses paid during the fee period from April 6, 2016, through November 17, 2016, for a total of $34,842.60, and for such other and further relief as the Court may deem just and proper.

DATED: October 20, 2016　　　　　　　　　　　POLIS & ASSOCIATES, APLC

　　　　　　　　　　　　　　　　　　　　　　By: /s/ Thomas J. Polis
　　　　　　　　　　　　　　　　　　　　　　Thomas J. Polis, Esq.
　　　　　　　　　　　　　　　　　　　　　　Special Litigation Counsel for
　　　　　　　　　　　　　　　　　　　　　　Debtor/Debtor-In-Possession,
　　　　　　　　　　　　　　　　　　　　　　Santa Cruz Berry Farming Company,
　　　　　　　　　　　　　　　　　　　　　　LLC and Corralitos Farms, LLC

- 7 -
SECOND AND FINAL APPLICATION FOR FEES AND REIMBURSEMENT
Case: 15-51772    Doc# 307    Filed: 10/20/16    Entered: 10/20/16 14:58:21    Page 7 of 14
CorrFinalFeeApp 102016.doc

## CERTIFICATION

I, Thomas J. Polis, declare that I am the "Certifying Professional" designated by Polis & Associates, APLC for the purposes of this *Second and Final Fee Application* to make the certifications required by the Northern District Guidelines. During the Fee Period, I have been the principal at Polis & Associates, principally responsible for the firm's engagement with the Debtor.

(a) I have read the application; (b) to the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with these guidelines, except as specifically noted in the certification application (no exceptions to note); and (c) the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by the applicant and generally accepted by the applicant's clients.

**DATED: OCTOBER 20, 2016**          /s/ Thomas J. Polis
                                     **THOMAS J. POLIS**

# DECLARTION OF ROBERT KOONTZ

I, Robert Koontz, declare as follows:

1. I am the manager and 50% member of Santa Cruz Berry Farming Co., LLC ("**Santa Cruz Berry**"), the Chapter 11 debtor in this matter, and the manager and 33.33% member of Corralitos Farms, LLC ("**Corralitos**"), the Chapter 11 debtor in a separate case filed on the same day before this Court (collectively, "**Debtors**"). I have personal knowledge of the matters stated herein and, if called as a witness and sworn, could and would competently testify thereto. I do not intend to waive attorney-client privilege by submitting this declaration.

3. I have been actively engaged in farming of strawberries since 1995 and the Manager of Corralitos since its formation in 2010. I believe my expertise and knowledge of the strawberry farming business is substantial and sufficient to allow me to opine on the matters set forth herein.

4. Corralitos was formed in May 2010 by me and my brother Andrew to serve as a marketing arm for Corralitos and other small growers, subcontracting with the other strawberry growers to sell their fruit under the Corralitos label. At its peak, Corralitos was working with growers in Corralitos, Monterey, Santa Maria, Santa Barbara and Orange Counties. Corralitos arranged exclusive marketing agreements with Tom Lange Company, Inc. by which it served as growers' agent on a 6.5% fixed commission basis.

5. Corralitos ceased all farming operations in or about October 2014, when it simply ran out of money, at which time its sole revenues were derived from its minority ownership interests in two limited liability companies, K&M Enterprises, LLC, a cooler of fruit, and Kanaka Peaks Research, LLC, a company doing research into best practices and yield maximization for organic strawberries. Corralitos had a six-figure negative bank balance, was unable to acquire plants on credit, its non-vendor borrowing capacity was exhausted and a decision was made to shut down Corralitos and allow Corralitos to take over the farming operations, since it had been funding Corralitos in that regard for years. Corralitos had the ability to acquire plants and the necessary materials to prepare for the 2015 growing season, albeit later than desirable.

6. Because Corralitos was unable to spend the money to prepare the ground, purchase plants and prepare for the 2015 season on a normal time frame, Corralitos efforts to salvage the 2015 season did not commence until late 2014 and early 2015. This meant that Corralitos' crop was planted late (in December 2014 and January 2015) and thus matured later than other growers. This proved to be both a blessing and a curse, as Corralitos missed much of the early part of the selling season because it had no fruit to sell, but when other growers were abandoning their crops in August and September to prepare the ground for the 2016 season, Corralitos had ample supplies of fresh berries for sale. This resulted in strong prices for Corralitos berries in September and October.

7. I retained Polis & Associates as special litigation counsel, in April 2015. I have reviewed Polis & Associates' billing statements and this Interim Allocation for Fees and Costs and believe that the services provided were necessary and beneficial to me as well as my creditors. I believe the rates charged by Polis & Associates for time expended by the various professionals to be fair and I am informed and believe comparable to what other firms charge for such legal services. I believe the quality of legal advice and services provided by Polis & Associates to be excellent and I support its Final Application for Fees and Costs and request the Court to approve it as submitted.

I declare under penalty of perjury under the laws of California, that the foregoing is true and correct.

Executed at Watsonville, California, on October 20, 2016.

/s/ Robert F. Koontz
Robert F. Koontz

## DECLARATION OF THOMAS J. POLIS

I, Thomas A. Polis, declare as follows:

1. I am an attorney duly licensed to practice law before all the courts of the State of California and all U.S. District and Bankruptcy Courts for the Central, Southern, Northern and Eastern Districts for the State of California. I am the founder and a principal of Polis & Associates, APLC ("Polis & Assoc."), and attorneys of record for Corralitos Farms, LLC, a California limited liability company ("Corralitos"), and the Chapter 11 debtor in this action. Polis & Assoc. derives approximately 50% of its fees from bankruptcy matters, including Chapter 7 trustee and Chapter 7 and Chapter 11 and debtor representation, reorganization and insolvency law.

2. I submit this declaration in support of Polis & Assoc.'s *Second and Final Application for Fees and Reimbursement of Expenses* ("*Second and Final Fee Application*"). I have personal knowledge of the facts set forth below and if called upon to testify as to those facts, could and would competently testify thereto.

3. The *Second and Final Fee Application* accurately sets forth the terms of the employment of Polis & Assoc. and the services rendered by the firm in this case. The Application complies with the Guidelines of the Office of the United States Trustee.

4. In compliance with the United States Trustee's Guidelines, attached hereto as Exhibit "A" is a true and correct copy of the notice of the hearing on the fee application and request for comments regarding the fees and expenses being sought that was sent to Debtor, Corralitos Farms, LLC. In addition, Polis & Assoc. has provided debtor with a copy of this Application. Likewise, notice of this *Second and Final Fee Application* was served by mail on all creditors who have filed claims in this case and other parties in interest, concurrently with its filing. Full copies of the *Second and Final Fee Application* (including its exhibits) are being served by mail on the United States Trustee and all parties who have requested special notice in this case.

5. Attached hereto as Exhibit "B" is Polis & Assoc.'s time and billing statements for April 6, 2016 through November 17, 2016.

6. Polis & Assoc. professionals contemporaneously record all time using TimeSlips software by Sage. Time is recorded in tenths of an hour (6 minutes) increments. Expenses are billed at cost. Polis & Assoc. does not charge for copies, faxes, or on-line legal research.

7. No agreement has been made by any member of Polis & Assoc. or by any employee thereof, directly or indirectly, and no understanding exists for a division or sharing of the fees requested by Polis & Assoc. as set forth in the Fee Application, with any other person. Polis & Assoc. has not entered into any agreement, written or oral, express or implied, with any other party or party in interest in the above-entitled case for the purpose of fixing the amount of any fees or compensation to be paid from the assets of the Partnership's estate. All services for which compensation is sought were rendered by Polis & Assoc. No agreement has been made by any member of Polis & Assoc. or by any employee thereof, directly or indirectly, and no understanding exists for a division of fees paid for herein with any other person. Polis & Assoc. has not entered into any agreement, written or oral, express or implied, with any other party or party in interest in the above-entitled case for the purpose of fixing the amount of any fees or compensation to be paid from the assets of the Partnership's estate.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed at Irvine, California, on October 20, 2016.

/s/ Thomas J. Polis
Thomas J. Polis

# CERTIFICATE OF SERVICE

I, Cristina Allen, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 19800 MacArthur Boulevard, Suite 1000, Irvine, California 92612-2433. On **October 20, 2016**, I served a copy of the within document(s): A true and correct copy of the foregoing document entitled (*specify*):

**SECOND AND FINAL APPLICATION FOR FEES AND REIMBURSEMENT OF EXPENSES BY THOMAS J. POLIS, ESQ., POLIS & ASSOCIATES, APLC, SPECIAL LITIGATION COUNSEL FOR DEBTOR/DEBTOR-IN-POSSESSION CORRALITOS FARMS, LLC; DECLARATION OF THOMAS J. POLIS, ESQ. AND ROBERT F. KOONTZ IN SUPPORT THEREOF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 20, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**SEE ATTACHED CONTINUATION PAGE**

■ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **October 20, 2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 20, 2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Golden State Overnight
Judge M. Elaine Hammond, k US Bankruptcy Court, United States Courthouse, Room 3035, 280 South First Street, San Jose, CA 95113-3099

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 20, 2016 | Cristina L. Allen | /s/ Cristina L. Allen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# PROOF OF SERVICE CONTINUATION PAGE

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

United States Trustee (SJ) USTPRegion17.SJ.ECF@usdoj.gov, ltroxas@hotmail.com
Thomas A Vogele on behalf of Debtor tvogele@tvalaw.com
Effie F. Anastassiou on behalf of Creditor California Coastal Rural Development Corp. and K&M Enterprises, LLC effieesq@salinasaglaw.com; paralegal@salinasaglaw.com
Joseph M. Welch on behalf of creditor Tom Lange jwelch@buchalter.com; dcyrankowski@buchalter.com
William Brody on behalf of creditor Tom Lange wbrody@buchalter.com
Michael A. Sweet - msweet@foxrothschild.com, mflores@foxrothschild.com
Ralph P. Guenther on behalf of Interested Party Richard Gurnee courts@tkdougherty.com, angelal@montereylaw.com
Toriana Holmes on behalf of Requestor Ally Financial Serviced By Ally Servicing LLC, tsh@severson.com
Rebecca Caley on behalf of Mercedes-Benz- rcaley@caleylaw.com
Barbara Choi on behalf of Pajaro Valley Water Management - Bchoi@abc-law.com,
John Kim on behalf of Mercedes-Benz - jkim@cookseylaw
Bryan Hayag on behalf of Packard/Burnett/Stephens - brian.hayag@pillsburylaw.com
Susan Luce on behalf of Janey Leonardich - sbluceatty@yahoo.com
Austin Nagel on behalf of Ford Motor Credit - melissa@apnagelaw.com
Henry Niles, III on behalf of Douglas Brouwer - hbniles@hbniles.com
Anne Seeker on behalf of Noland, Hamerly, Etienne & Hoss - asecker@nheh.com
Jerry Namba on behalf of Creditor Beth Crandall nambaepiq@earthlink.net; jnambaepiq@earthlink.net
Torianna Homes on behalf of Creditor Ally Financial Serviced by Ally Servicing LLC tsh@severson.com
Thomas P. House on behalf of Requestor Sambralio Packaging tomhouse@attorneyhouse.com
Steven Koch on behalf of Creditor Helena Chemical Company smk@tularecountylaw.com
Brian Hayag on behalf of Creditors Julie Packard, Nancy Burnett and Robert Stephens brian.hayag@pillsburylaw.com
Alan Smith on behalf of Creditor Lakeside Organics ajsmith@grunskylaw.com